IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY L. HAMILTON,

      Plaintiff,

v.                                  Civ. No. 00-1066 RLP/KBM

THE CITY OF ALBUQUERQUE,
a municipal corporation,

      Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant City of Albuquerque's Motion for Summary Judgment.  Plaintiff Danny Hamilton alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended,  42 U.S.C. §§ 2000e *et seq.*[1]  The case was initially filed in state court and timely removed to this court on the basis of federal question jurisdiction. Mr. Hamilton has exhausted his administrative remedies.  For all of the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying

---

[1]  In his Response and Brief In Opposition to Defendant's Motion for Summary Judgment as to All Claims [Doc. 21], Mr. Hamilton conceded the City cannot be liable for punitive damages and has not waived sovereign immunity as to the intentional tort claims. Accordingly, this opinion only addresses Counts I (Racial Discrimination); II (Breach of Contract); and V (Hostile Work Environment).

"a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to his case. *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994).

Because the party opposing a motion for summary judgment must set forth "specific facts" to defeat the motion, *see* Fed.R.Civ.P. 56(e), "[u]nsupported conclusory allegations . . . do not create a genuine issue of fact." *L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000). Mere speculation unsupported by evidence is insufficient to resist summary judgment. *Peterson v. Shanks*, 149 F.3d 1140, 1144-45 (10th Cir. 1998). Self-serving testimony, whether by affidavit or deposition, is similarly unavailing. *Ford v. West*, 222 F.3d 767, 777 (10th Cir. 2000) (citing *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995)).

## FACTUAL BACKGROUND

Mr. Hamilton, an African-American, has worked in the City's Public Works Department since 1976. In 1999, when the conduct at issue occurred, Mr. Hamilton was a supervisor in the Department. His immediate supervisor is Ray Baca. Mr. Baca is supervised by Andre Houle and Mr. Houle is supervised by Ray Chavez.

On September 7, 1999 Mr. Hamilton returned to his locked office at approximately 2:00 p.m., where he found a dead rattlesnake on his desk. He alleges that only eight individuals have keys to his office and all of those individuals are Hispanic. He believes the snake incident was racially motivated because he has a phobia about snakes.

2

After the incident, Mr. Houle conducted an investigation to determine who put the snake on Mr. Hamilton's desk.  He was unable to identify the individual or individuals involved and the matter remains unresolved.  After the investigation, Mr. Chavez sent a memorandum to supervisors in his department to advise them that type of behavior would not be tolerated.   The investigation and memorandum were part of the City's written anti-harassment policy.

ANALYSIS

Mr. Hamilton's alleged Title VII violations are (1) racial discrimination; and (2) hostile work environment.  The court assumes with regard to the discrimination claim that Mr. Hamilton is claiming disparate treatment.  To prevail on a claim of disparate treatment under Title VII, a plaintiff must establish a *prima facie* case of discrimination; *i.e.*, that he is a member of a protected class; that he suffered an adverse employment action; and that the action was racially motivated.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In support of his discrimination claim, Mr. Hamilton states he is treated differently from other supervisors, but he does not identify how he is treated differently.  He states that Mr. Baca was upset when Mr. Hamilton was promoted to supervisor, but the record reflects that Mr. Baca stated, "We interviewed him and several others, and he was the one that I felt was the best suited for the job."  Exhibit 2 to Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment as to All Claims [Doc. 21].  Other than that excerpt, the only evidence submitted by Mr. Hamilton is his own deposition testimony, which merely indicates that he had a "feeling" that he was discriminated against.

3

Mr. Hamilton has failed to produce any evidence, other than his own perceptions, that he has suffered an adverse employment action that was racially motivated. Therefore, his claims fail as to Count I.

"Hostile environment harassment occurs where a supervisor or co-worker's conduct unreasonably interferes with an individuals's work performance or creates an intimidating, hostile, or offensive work environment. [Citation omitted.] To establish [his] claim, plaintiff must show both that the conduct to which [he] was subject was 'severe or pervasive enough to create . . . an environment that a reasonable person would find hostile or abusive,' and that [he] 'subjectively perceive[d] the environment to be abusive." *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1269 (10th Cir. 1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The conduct at issue must be racially motivated or display racial animus. *Trujillo v. University of Colorado Health Sciences Center*, 157 F.3d 1211, 1214 (10th Cir. 1998).

Reasonable people would find offensive the placing of a dead rattlesnake on a co-worker's desk. Mr. Hamilton states that he has a phobia about snakes, that his co-workers knew about his phobia, and that he has suffered severe psychological trauma from this incident. That being said, there is no evidence that the conduct stemmed from racial animus or was race-based. *Cf. Hollins v. Delta Airlines*, 238 F.3d 1255 (10th Cir. 2001) (finding hangman's nooses and jokes about hanging racially motivated). The incident was a one-time occurrence and, although offensive, does not meet the standard of "pervasive conduct" in this circuit. *See Trujillo*, *supra*; *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170 (10th Cir. 1996); *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994), *cert. denied*,

4

516 U.S. 826 (1995).   In short, there is a lack of evidence of a racially hostile work environment in the City's Public Works Department.[2]   As with his disparate impact claim, Mr. Hamilton only offers his own deposition testimony concerning his perceptions, which is insufficient to withstand a motion for summary judgment.

Even if the above facts did state a claim under Title VII, the City would not be liable. The City had an anti-discrimination policy in effect at the time of the 1999 incident and promptly investigated.   The City issued a memorandum advising employees this conduct would not be tolerated.   Mr. Hamilton does not dispute these facts, but he does suggest that an independent investigation might have revealed the identify of the culprit.   Other than this vague assertion, the record does not indicate any wrongdoing by the City such that it could be held liable under a theory of vicarious liability.   *See Hollins,* 238 F.3d  at 1259; *Wright-Simmons*, 155 F.3d at 1269-1272.

Finally, Mr. Hamilton has asserted a claim for breach of contract but provides no evidence of a contract between him and the City, other than saying he had a right not to have the anti-discrimination policy breached.   Even assuming that policy could be construed as a contract, the City took all the steps it was required to take under the policy;

---

[2] Mr. Hamilton alleges two other incidents occurred in 1996, which allegations were not contained in his EEOC charge.   The charge was filed more than 300 days from the alleged occurrences and cannot be part of this lawsuit.   *See Mascheroni v. Board of Regents of the University of California*, 28 F.3d 1554, 1556-57 (10th Cir. 1994).    Mr. Hamilton alleges that Mr. Baca has made racial comments to him, but his own deposition testimony states that he believed Mr. Baca to be joking.   Mr. Hamilton also claims that Mr. Baca once pulled a knife on him and also teased him about snakes.   These contentions suggest a personality clash, not racial discrimination, and are insufficient to show a continuing pattern of discrimination.   *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 (10th Cir. 1999).

hence, there was no breach.  And, again, there is simply no evidence that the incident in question was racially motivated.  Accordingly, this claim also fails.

IT IS THEREFORE ORDERED that Defendant City of Albuquerque's Motion for Summary Judgment as to All Claims [Doc. 19] is granted and this case is dismissed with prejudice.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

FOR THE PLAINTIFF:      Donald L. Sears, Esq.

FOR THE DEFENDANT:   Victor E. Valdez, Esq.

6